```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

ADT SECURITY SERVICES, INC., )
et al.,                      )
                             )
          Plaintiffs,        )
                             )
     v.                      )    No. 10 C 4382
                             )
LISLE-WOODRIDGE FIRE         )
PROTECTION DISTRICT, et al., )
                             )
          Defendants.        )

## MEMORANDUM OPINION

On November 22, 2011 our Court of Appeals issued an order ("Order") that stayed the permanent injunction that this Court had entered on August 16, 2011 (the "Permanent Injunction"), explaining that the Court of Appeals "intends to issue an opinion and judgment affirming the permanent injunction in part and vacating it in part." In that connection the Court of Appeals concluded that the Illinois Fire District Act ("Act") gives the Lisle-Woodridge Fire Protection District (the "District") certain regulatory authority but also concluded "that the Act does not authorize the District to displace the competitive market for fire alarm monitoring services by requiring all affected property owners to contract with only the District for providing alarm equipment and monitoring services," so that injunctive relief "somewhat narrower" than the Permanent Injunction is called for.

Under the Order, various specified provisions of the Permanent Injunction remain in effect during the stay.

Relatedly, Order ¶2 provides in part:

> Pending further order of this court, however, alarm monitoring customers in the District may voluntarily terminate their contracts with the District and/or its exclusive provider and may transfer their business to another alarm company. Alarm monitoring customers may be notified of this option by plaintiffs or other competing alarm companies.

This action has previously been set by this Court for a status hearing on December 7 to address another phase of this litigation. But shortly before that hearing, counsel for the plaintiff Alarm Companies have delivered to this Court an informational copy of their December 5 motion directed to the Court of Appeals, in which they request clarification of certain aspects of the Order and have attached a number of exhibits. That motion reflects in part some troubling conduct on the part of the District and its counsel, including a communication sent by the District to all the alarm system customers that appears misleading because it communicates only one component of the Court of Appeals' Order and thus does not inform the customers of the options available to them.

For that reason it seems appropriate to reiterate one aspect of this Court's July 20, 2011 memorandum opinion and order (the "Opinion") that granted partial summary judgment against the District--an aspect that is relevant to the subject referred to in the language quoted above from Order ¶2. It will be recalled that a major part of the dispute between the litigants stemmed

from the District's notices to customers of the plaintiff Alarm Companies having contracts for alarm services in the area, stating that those contracts were "null and void." Thereafter this Court held that those notices were illegal--that it was the notices themselves and not the previously-existing contracts that were "null and void."

This Court's understanding is that most of those preexisting contracts for security alarm systems contained a provision under which each customer had the right to give a timely notice of termination by a specified termination date, with the contract being automatically renewed if no such notice were given. Because of the District's "null and void" notice and other communications from the District, the customers were effectively deprived of the opportunity to make such a free choice.

Under those circumstances and under the terms of the Court of Appeals' Order confirming the need for a "competitive market," it should remain a matter of free choice on the customers' part to determine whether in the absence of the District's notice and other actions, and given the option that had been available to the customers before the District interfered with such free choice, the customers would have elected to allow their preexisting contracts to renew themselves or would instead have voluntarily terminated those preexisting contracts. In that respect it is this Court's view that the customers' exercise of

3

their free choice should not be influenced by the fact that they have since entered into contracts for such services with another company by reason of the District's unauthorized decision "to displace the competitive market for fire alarm monitoring services by requiring all affected property owners to contract with only the District for providing alarm equipment and monitoring services."

    In that respect the customers should be made aware that portions of the Permanent Injunction that remain in effect during the current stay of other portions would permit any customer that wishes to terminate the contract with the District or its exclusive provider and to transfer its business to another alarm company (whether its original provider or any other company) will be assured that the protection it receives from its security and alarm system will be uninterrupted.  It is hoped that the present dispute between the litigants can give way to the transmittal of a neutral statement to the customers that includes that assurance.

                                                     _____
                                                     Milton I. Shadur
                                                     Senior United States District Judge

Date:  December 7, 2011