```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

ADT SECURITY SERVICES, INC.,   )
et al.,                        )
                               )
            Plaintiffs,        )
                               )
     v.                        )    No.  10 C 4382
                               )
LISLE-WOODRIDGE FIRE           )
PROTECTION DISTRICT, et al.,   )
                               )
            Defendants.        )

## MEMORANDUM ORDER

Earlier today this Court issued a memorandum opinion and order ("Opinion") that dispatched one of the two efforts by Chicago Metropolitan Fire Prevention Company ("Chicago Metro") to extricate itself from this litigation, in which it and the Lisle-Woodridge Fire Protection District ("District") have been sued by a group of plaintiffs collectively referred to for convenience as "Alarm Companies."  In the Opinion this Court rejected Chicago Metro's effort to dismiss three of the counts in the Alarm Companies' Supplemental Complaint, a ruling that left pending the second of Chicago Metro's motions--an effort to dismiss two of the Alarm Companies (D.M.C. Security Services, Inc.) and Illinois Alarm Services, Inc. on grounds of purported mootness.  This memorandum order can deal with that motion in brief compass.

Chicago Metro's notion of mootness is that because neither of those Alarm Companies lost any customers as a result of District's passage of the initial ordinance that this Court

rejected as a matter of law, those Alarm Companies "now lack a cognizable interest in this case" (Chicago Metro Mem. 1) That of course makes no sense at all, because the rejection of that ordinance stemmed from this litigation itself, in which all of the Alarm Companies had to succeed in obtaining injunctive relief to undo the effect of District's notification to all of the Alarm Companies' customers that their existing contracts were "null and void"--a pronouncement that was inextricably linked to a plan under which District and Chicago Metro colluded to create a monopoly for themselves in place of the competitive market that had previously existed.[1]

It must be remembered that all of the two Alarm Companies' commercial accounts would have been terminated by that "null and void" ukase but for this Court's interposition of injunctive relief--an interposition that was necessarily dependent in part on a finding of irreparable harm to all of the Alarm Companies. That in turn means that if the Alarm Companies prevail either under 42 U.S.C. §1983 or under the federal antitrust laws, an award of attorney's fees to the prevailing plaintiff Alarm Companies would be in order.

There is a good deal more that leads to the same result of

---

[1] This Court's decision in that respect, to the extent that it enjoined the conduct referred to in this paragraph of the text, was affirmed on appeal (672 F.3d 492, 502-03 (7th Cir. 2012)).

2

nondismissal, and it is well presented in the responsive memorandum (Dkt. 453) filed on behalf of the two targeted Alarm Companies. Chicago Metro's effort to take advantage of its own wrongdoing as the predicate for asserting that the harm it inflicted on the two Alarm Companies was undone by this Court's intervention, so that those companies now assertedly lack standing, brings to mind the proverbial criminal defendant who, having murdered both parents, seeks mercy on the ground that he is an orphan. This second motion by Chicago Metro (Dkt. 437) is also denied.

_____
Milton I. Shadur
United States District Judge

Date: February 7, 2013