IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
ADT SECURITY SERVICES, INC.,   )
et al.,                        )
                               )
          Plaintiffs,          )
                               )
     v.                        )   No. 10 C 4382
                               )
LISLE-WOODRIDGE FIRE           )
PROTECTION DISTRICT, et al.,   )
                               )
          Defendants.          )
```

## MEMORANDUM ORDER

This Court has permitted two motions filed last spring against codefendant Lisle-Woodridge Fire Protection District ("District") to lie dormant for several reasons, importantly including the changing dynamics caused by developments before both the Court of Appeals and this Court and by District's enactment of a new ordinance. This memorandum order will now briefly address those motions--one advanced by ADT Security Services, Inc. ("ADT") that it labels as seeking "partial summary judgment regarding the Commerce Clause claim" and the other advanced by all plaintiffs (who are collectively referred to for convenience as "Alarm Companies") that is labeled as seeking "summary judgment on the remaining issues in this case."

Before that is done, however, a few words are in order about the nature of those motions, both of which are self-defined as seeking "partial summary judgment" or "summary judgment" under Fed. R. Civ. P. ("Rule") 56. But in fact neither motion really

seeks a judgment, as contrasted with seeking to establish the movants' entitlement to relief on one or more theories of recovery--a distinction that this Court has addressed less than a week ago in an opinion in this very case (Dkt. 458, issued on February 7).[1]

Although this Court sometimes feels like a lone voice crying in the wilderness because of the tendency on the part of a good deal of the judiciary, as well as the bar, to view such "summary judgment" attempts in a manner not intended when Rule 56 was adopted, it continues to distinguish between issue-narrowing motions en route to reaching judgment (properly advanced under Rule 16) and true Rule 56 judgment motions addressed to entire lawsuits or discrete claims. And if others view that as a principle not worth pursuing, so be it.

That said, ADT'S Commerce-Clause motion (expounded in its supporting memorandum, Dkt. 302) would appear to require little discussion. District's opposition memorandum (Dkt. 361) states accurately that its ordinance challenged by the motion was revoked and replaced by Ordinance 12-08 on July 6, 2012, and that the contemporaneous July 6 adoption of Ordinance 12-07 revoked

---

[1] Even if a favorable ruling on either motion were to have the label of "judgment" attached to it, it could not qualify for finality (and hence enforceability or appealability) under Rule 54(b), because the same factual matrix would implicate one or more of the Complaint's other counts (that is, theories of recovery)--a subject on which our Court of Appeals' teaching is clear.

2

the "Four County Area" provision of the earlier ordinance that was targeted by ADT's motion.

Under those circumstance District contends that ADT's motion seeking a declaration and injunctive relief based on the superseded ordinance should be denied as moot, and this Court finds that persuasive and so rules. If ADT believes that it still has a like basis for complaint under the new ordinance structure, it may if it wishes advance a new motion that can adopt by incorporation as much of its earlier submission as seems appropriate,[2] and this Court can then order District to parry that new attack in the same manner.

Now to the other motion, also supported by a memorandum of law (Dkt. 305), to which District has filed an opposition memorandum of its own (Dkt. 367). Although the Alarm Companies characterize their motion as seeking summary judgment simpliciter against District, its true nature is revealed by the Conclusion in their supporting memorandum, which shifts to speaking of "Partial Summary Judgment" and asks for a "Judgment in their favor and against the Lisle-Woodridge Fire Protection District as to Counts I, III, V, VII and VIII of plaintiffs' complaint."

As the analysis in this Court's earlier opinion in Dkt. 458 explains, those counts do not advance discrete claims in the

---

[2] This Court would see no need for ADT to reinvent the wheel by filing a new self-contained motion under those circumstances.

3

federal sense. It is unclear precisely what relief is being sought--it would seem that District's mootness contention would have force as to injunctive relief, while some other aspects of the motion might lead to rulings on issues as a matter of law (just as some motions in limine do), while still others could point the way to appropriate jury instructions if, as and when the case goes to trial.

Under the circumstances that second motion will be denied without prejudice, particularly because the change in District's ordinances would seem likely to call for a recasting of any such motion. As with the first motion dealt with in this memorandum order, if Alarm Companies choose to refile, they are encouraged to treat any still-applicable holdovers from the original motion via incorporation by reference, rather than having to go through the task of a total rewrite.

                                                            _____
                                                            Milton I. Shadur
                                                            Senior United States District Judge

Date: February 12, 2013